UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.**  CV 18-2112-MWF (FFMx)           **Date:**  March 5, 2020
**Title:**   Nehemiah Kong v. Margaret M. Harris Corporation, et al.

**Present:**  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                                Court Reporter:
Rita Sanchez                                 Not Reported

Attorneys Present for Plaintiff:             Attorneys Present for Defendant:
None Present                                 None Present

**Proceedings (In Chambers):**     ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES [41]

  Before the Court is Plaintiff Nehemiah Kong's Motion for An Award of Attorney's Fees (the "Motion"), filed on November 13, 2019.  (Docket No. 41).  On December 2, 2019, Defendants Margaret M. Harris Corporation and Reseda Dental Office of Aram Yeliazyan and Aram Arakelyan, Inc. (the "Reseda Dental Office") filed an Opposition.  (Docket No. 42).  On December 10, 2019, Plaintiff filed a Reply.  (Docket No. 43).

  The Motion was noticed to be heard on December 16, 2019.  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.

  For the reasons discussed below, the Motion is **GRANTED**.  Plaintiff is the prevailing party in the action and is entitled to costs and fees.  Plaintiff's counsel shall recover fees in the amount of **$14,577.50** and costs in the amount of **$630.00**.

**I.    BACKGROUND**

  On March 13, 2018, Plaintiff filed a Complaint pursuant to the American Disabilities Act ("ADA"), 42 U.S.C. § 12205, et seq., and Unruh Act, Cal. Civ. Code § 52(a).  (*See* Complaint (Docket No. 1)).  On May 20, 2019, Plaintiff filed a Motion for Summary Judgment.  (Docket No. 27).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.  CV 18-2112-MWF (FFMx)**          **Date:  March 5, 2020**
**Title:       Nehemiah Kong v. Margaret M. Harris Corporation, et al.**

Plaintiff is a paraplegic who suffers from polio and uses a wheelchair for mobility.  (Plaintiff's Statement of Uncontroverted Facts ("SUF"), Docket No. 27-2, ¶ 1).  Plaintiff drives a specially equipped van that deploys a lift from the passenger side of the van.  (*Id.* ¶ 2).  Plaintiff cannot use a standard size handicap parking space and needs a larger van accessible parking space to accommodate his ramp and wheelchair.  (*Id.* ¶ 4). Defendants are the owners of the Reseda Dental Office, and were the owners in February 2018.  (*Id.* ¶ 6).

On February 17, 2018, Plaintiff went to the Reseda Dental Office to inquire about dental services.  (*Id.* ¶ 9).  When he arrived, Plaintiff discovered that there were six parking spaces provided for customers, including one parking space marked and reserved for persons with disabilities.  (*Id.* ¶ 10).  However, this parking space was not marked as van accessible.  (*Id.*).  When Plaintiff pulled into the designated accessible parking space, he realized that the access aisle was too narrow for him to deploy his ramp.  (*Id.* ¶ 11).  Because there was no van accessible parking space, Plaintiff was deterred from visiting the Reseda Dental Office.  (*Id.* ¶ 13).

On March 6, 2018, Plaintiff's investigator Evens Louis conducted an investigation of the Reseda Dental Office.  (*Id.* ¶ 17).  Louis found that the off-street parking lot serving the Reseda Dental Office offered approximately 12 parking spaces.  (*Id.* ¶ 18).  Six of the stalls were reserved for the Reseda Dental Offices, including one reserved for persons with disabilities.  (*Id.*).  However, the designated accessible parking space was not marked as van accessible.  (*Id.*).  The parking space measured 96 inches wide and the accessible aisle measured 60 inches wide.  (*Id.*).

Inside the Reseda Dental Office, Louis found that the transaction counter measured over 42 inches high with no lowered portion of the counter for use by persons in wheelchairs.  (*Id.* ¶ 20).

On June 13, 2019, Defendants filed an Opposition to Plaintiff's Motion for Summary Judgment, arguing that Plaintiff's claims and requests for injunctive relief were moot because violations related to the transaction counter and parking lot had been voluntarily and adequately remediated.  (Docket No. 30).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 18-2112-MWF (FFMx)          **Date:** March 5, 2020
**Title:**     Nehemiah Kong v. Margaret M. Harris Corporation, et al.

       On June 19, 2019, the Court issued an Order to Show Cause Re: Summary Judgment. (Docket No. 32). The Court granted summary adjudication for Plaintiff as to the parking lot, but ordered Plaintiff to show cause why summary judgment should not be denied as to the transaction counter. (*Id.* at 2).

       On July 3, 2019, Plaintiff filed a Response to the OSC and indicated that he "does not object to summary judgment being granted in favor of Defendants as to the transaction counter and the claims as to the transaction counter being dismissed as moot." (Docket No. 33).

       In light of Plaintiff's Response, the Court granted summary adjudication for Plaintiff as to the parking lot and granted summary adjudication for Defendants as to the counter. (Docket No. 34). On October 31, 2019, the Court entered a Judgment in favor of Plaintiff in the amount of $4,000 and ordered Defendants to bring the parking space into compliance. (Docket No. 40).

**II.**     <u>**LEGAL STANDARD**</u>

       Plaintiff seeks an award of attorneys' fees in the amount of $21,529.50 pursuant to the ADA and the Unruh Act. *See* Motion at 1; 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Both the ADA and the Unruh Act permit an award of attorneys' fees and costs to the prevailing party. 42 U.S.C. § 12205 ("[T]he court . . . may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ."); Cal. Civ. Code § 52(a) (providing that successful plaintiff may recover "attorney's fees that may be determined by the court"). These fee-shifting provisions were enacted to "ensure effective access to the judicial process for persons with civil rights grievances." *Jankey v. Poop Deck*, 537 F.3d 1122, 1131 (9th Cir. 2008). As one California court explained, "It must be remembered that an award of fees is not a gift. It is just compensation for expenses actually incurred in vindicating a public right." *City of Sacramento v. Drew*, 207 Cal. App. 3d 1287, 1304, 255 Cal. Rptr. 704 (1989).

       Attorney's fees and costs may only be awarded where the court has entered judgment on the merits of the litigation, creating "a material alteration of the legal relationship . . . necessary to permit an award of attorney's fees." *Buckhannon v. West*

---

**CIVIL MINUTES—GENERAL**                      3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 18-2112-MWF (FFMx)          Date:  March 5, 2020
Title:       Nehemiah Kong v. Margaret M. Harris Corporation, et al.

*Virginia Dep't of Health*, 532 U.S. 598, 604 (2001); *see also Perez-Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir.2002). A grant of summary judgment based on lack of standing is not a judgment on the merits. *Molski v. Mandarin Touch Rest.*, No. CV 04-0450 ER, 2005 WL 3719631 (C.D. Cal. Dec. 9, 2005) (citing *Pilkington PLC v. Perelman*, 72 F.3d 1396, 1397 (9th Cir.1995)).

### III. DISCUSSION

#### A. Preliminary Matters

Both parties argue that the other side's briefs should be disregarded for failure to follow the applicable Local Rules.

First, Defendants argue that Plaintiff's Motion should be denied or disregarded because Plaintiff failed to meet and confer at least seven days prior to the filing of this Motion. (Opp. at 4-5) (citing Local Rule 7-3). In response, Plaintiff argues that he attempted to meet and confer with opposing counsel on August 29, 2019 and November 9, 2019. (Reply at 1). The Court does not regard the August 29, 2019 email to be a sufficient meet and confer attempt as it was sent months before the Court issued the judgment and Plaintiff filed this motion. Plaintiff appears to have reached out to Defendants in good faith on November 9, 2019 – four days prior to filing his Motion.

Second, Plaintiff argues that Defendants' Opposition should be disregarded because it was untimely. (Reply at 1). Specifically, Plaintiff notes that the Opposition was due November 25, 2019 under Local Rule 7-9, but Defendants did not file their Opposition until December 2. 2019. (*Id.*).

The Court will consider the merits of the parties' briefs, especially because Plaintiff's failure to comply with the local rules appear to have not prejudiced Defendants in any meaningful way. However, the parties are warned to scrupulously follow the applicable rules going forward.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 18-2112-MWF (FFMx)            Date:  March 5, 2020
Title:      Nehemiah Kong v. Margaret M. Harris Corporation, et al.

### B.  Prevailing Party

The parties next dispute whether Plaintiff is the prevailing party in this action. Defendants argue that Plaintiff is not "the unqualified prevailing party in this action" because the Court granted summary adjudication in favor of Defendants as to the claims concerning the transaction counter.  (Opp. at 7).

In response, Plaintiff argues that it is indisputably the prevailing party.  (Reply at 3).  First, it argues that the summary adjudication in favor of Defendants does not affect the prevailing party status because the summary adjudication was on standing grounds.  (Reply at 3).  Second, it notes that the Court has already issued a Judgment directing Defendants to pay "reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205 and the Unruh Act."  (Docket No. 40 at 2).

The Court agrees with Defendants.  "In the Ninth Circuit, summary judgment on standing grounds is not considered a judgment on the merits entitling defendants to an award of attorney's fees and costs as prevailing parties under the ADA."  *Feezor v. Lopez De-Jesus*, 439 F. Supp. 2d 1109, 1111 (S.D. Cal. 2006) (citing cases).  Here, the Court granted summary adjudication on the claims concerning the transaction counter on standing grounds.  Accordingly, the summary adjudication for Defendants does not entitle Defendants to prevailing party status.  On the other hand, Plaintiff *did* prevail on the merits with respect to the claims concerning the parking lots.  Because the Court granted summary adjudication on the claims concerning the parking lots, Plaintiff is the prevailing party in this action.  As Plaintiff notes, the Court also already issued a Judgment consistent with this determination, which Defendants did not contest.  (*See* Docket No. 40).

Accordingly, Plaintiff is the prevailing party in this action and is entitled to reasonable attorneys' fees under the ADA and Unruh Act.

### C.  Reasonableness of Costs and Fees

Plaintiff seeks $20,499.50 in attorneys' fees and $1,030 in costs, for a total of $21,529.50.  (Motion at 18; Ex. 2 ("Billing Summary") (Docket No. 41-5)).

---

**CIVIL MINUTES—GENERAL**                                              5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 18-2112-MWF (FFMx) | **Date:** | March 5, 2020 |
| **Title:** | Nehemiah Kong v. Margaret M. Harris Corporation, et al. | | |

Defendants argue that both the fees and costs are excessive, unreasonable, and not justified. (Opp. at 8).

### 1. Costs

The only category of costs Defendants dispute are the costs alleged incurred by Plaintiff's investigator. Specifically, Plaintiff seeks $600 in costs for investigation costs. (Motion at 18). Plaintiff's counsel asserts that they bill their investigators at $200 per on-site investigation, and this case involved three investigations. (Declaration of Mark Potter ("Potter Decl.") ¶ 4 (Docket No. 41-4)). Defendants argue that the $600 "investigator fee" should not be granted because the Motion is void of any proof that this fee was actually incurred. (Opp. at 8). In response, Plaintiff argues that the investigations yielded photographs that were used in support of Plaintiff's Motion for Summary Judgment and these expenses are properly supported by Mark Potter's declaration. (Reply at 6-7).

The Court determines that $200 of the expert investigator costs were reasonably incurred and are properly recoverable. *See* 42 U.S.C. § 12205 (providing that the prevailing party may recover "litigation expenses" and costs in ADA cases); *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002) (holding that "litigation expenses" include expert witness fees); *see also Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1085 (N.D. Cal. 2010) (awarding expert consultant fees); *Cruz v. Starbucks Corp.*, 2013 WL 2447862, at *10 (N.D. Cal. June 5, 2013) (same). In conjunction with his Motion for Summary Judgment, Plaintiff submitted a declaration by Investigator Evens Louis and photographs taken by the investigator in conjunction with his Motion for Summary Judgment. (Declaration of Evens Louis ("Louis Decl.") (Docket No. 27-7); Photographs Taken by Louis (Docket No. 27-8)). The report of Plaintiff's expert was crucial to the Court's evaluation of the Motion for Summary Judgment. Therefore, Plaintiff has sufficiently demonstrated that one on-site investigation occurred and was necessary.

However, Plaintiff has failed to demonstrate that the investigator conducted ***two additional*** on-site investigations or that they were necessary. The declaration and the photographs submitted by Louis demonstrate that he visited the Reseda Dental Office

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 18-2112-MWF (FFMx)          **Date:** March 5, 2020

**Title:**      Nehemiah Kong v. Margaret M. Harris Corporation, et al.

---

*once* – on March 6, 2018. (Louis Decl. ¶ 3; *see generally* Photographs Taken by Louis (all time stamped March 6, 2018)). Plaintiff has not demonstrated that Louis visited the Reseda Dental Office after March 6, 2018 and has not demonstrated that any further visits, if they occurred, were necessary in litigating this action. Notably, counsel for Plaintiff does not state when the additional two investigations occurred and does not provide an invoice for any of these additional visits. (*See generally* Potter Decl.). Accordingly, the Court will only grant $200 in investigator fees to Plaintiff.

Because Defendants does not contest the remaining costs, Plaintiff is entitled to $630 in costs.

       **2.**       **Attorneys' Fees**

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.*; *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095, 95 Cal. Rptr. 2d 198 (2000) ("[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' *i.e.*, the number of hours reasonably expended multiplied by the reasonable hourly rate."). The moving party bears the burden to produce evidence that the rates and hours worked are reasonable. *See Intel Corp. v. Terabyte Int'l*, 6 F.3d 614, 623 (9th Cir. 1983) ("If the applicant satisfies its burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee.") (internal quotation marks and citations omitted). A court may exclude hours it deems "excessive, redundant, or otherwise unnecessary," *Jankey*, 537 F.3d at 1122, and lower counsel's hourly rate if it exceeds the prevailing rate in the legal community where the district court sits. *Schwarz v. Sec'y of Health and Human Serv.*, 73 F.3d 895, 906 (9th Cir. 1995).

Here, Plaintiff seeks a fee of $20,499.50, representing 42.8 hours of work at $400 and $595 per hour. (*See* Potter Decl. ¶¶ 9-19; Billing Summary). Defendants challenge the fees based on four grounds: (1) lack of declarations by the ten billing

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 18-2112-MWF (FFMx)          **Date:** March 5, 2020
**Title:**     Nehemiah Kong v. Margaret M. Harris Corporation, et al.

attorneys in this action; (2) unreasonable number of hours spent; (3) unreasonable hourly rate; and (4) equitable considerations. (Opp. at 8-12).

*First*, Defendants note that Plaintiff's counsel listed ten attorneys who allegedly performed services on behalf of Plaintiff, but none of the named attorneys filed a supporting declaration. (*Id.* at 8-9). Instead, Defendants point out that Plaintiff only submitted a declaration from Mark Potter, who had no specific involvement in this case other than reviewing and approving the billing summary attached to Plaintiff's Motion. (*Id.* at 9). Therefore, Defendants argue that Potter's declaration was not sufficient to authenticate the fees contained in the Billing Summary. (*Id.*). In response, Plaintiff argues that it is common practice for the managing partner and record keeper to authenticate the business records, including billing entries. (Reply at 3-4).

The Court agrees with Plaintiff. Defendants have not cited, and the Court is not aware of, any authority requiring Plaintiff to submit a separate declaration for each attorney who worked in the action to authenticate the billing records. In contrast, Plaintiff's counsel have provided cases authorizing the lead attorney or the record keeper to submit one declaration for all attorneys who worked in an action. *See e.g., Stonebrae, L.P. v. Toll Bros.*, No. C-08-0221-EMC, 2011 WL 1334444, at *8 (N.D. Cal. Apr. 7, 2011), *aff'd*, 521 F. App'x 592 (9th Cir. 2013) ("The Court finds that the Cooper Declaration satisfies these requirements with respect to attorneys Cooper, Kirkham, and Bogdanov.").

The Court also notes that Plaintiff submitted a declaration by Mark Potter, the managing partner of Center for Disability Access, which describes the experience of each billing attorney and each attorney's proposed hourly rate. (Potter Decl. ¶¶ 9-19). Plaintiff also submitted billing records that identify the tasks performed by each attorney and the number of hours spent on each task. (Billing Summary). The Court concludes that the declaration and the billing records are sufficiently authenticated and provide sufficient detail to examine the fees request.

*Second*, Defendants argue that the number of hours spent by Plaintiff's counsel is excessive. (Opp. at 8). For example, they note that Plaintiff seeks nine hours total

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 18-2112-MWF (FFMx)          **Date:** March 5, 2020
**Title:**     Nehemiah Kong v. Margaret M. Harris Corporation, et al.

for the attorneys' fees motion, which is approximately 20 percent of the total fee claim. (*Id*. at 10). They also argue that the ADA action was not a complicated matter, the amount in controversy was only $4,000, and the prosecution and defense did not require unique legal skills or expertise. (*Id.* at 10-11). Defendants then assert that this case should not have taken more than 20 hours, although they do not explain how they arrived at the 20-hour figure. (*Id.* at 12).

In response, Plaintiff argue that an attorney's sworn testimony of time spent is evidence of considerable weight on the issue of the time required, and to deny compensation, it must appear that the time claimed is obviously and convincingly excessive under the circumstances. (Reply at 4-5). Plaintiff also argue that the Center for Disability Access utilizes a task management structure that allows lawyers to specialize in segments of litigation to create efficiencies in litigation of similar cases. (*Id.* at 5). Plaintiff further notes that Defendants have not criticized any specific tasks that have been excessively billed. (*Id.* at 5-6).

Plaintiff additionally argues that the Motion took the time that was claimed because counsel had to modify an existing template to fit the facts of the case. (Reply at 6). Specifically, Plaintiff argues that the breakdown in the fees incurred in connection with briefing on the Motion – 8.6 hours – is (i) 1.8 hours for drafting the Motion; (ii) 1.5 hours for reviewing the Opposition; (iii) 2.3 hours for drafting the Reply; and (iv) 3 hours for traveling and attending the hearing. (*Id.* at 6).

The Court has reviewed the billing records attached to counsel's Declaration. (*See* Billing Summary). Counsel billed primarily for communication with the client, emails with opposing counsel, research of the site, drafting various documents, including the Motion for Summary Judgment and the current Motion for Attorneys' Fees, and reviewing the investigator's reports. Counsel also appeared at a Telephonic Status Conference. The vast majority of counsel's billings are for less than one hour of work, with the largest bills coming during the drafting of the dispositive Motion for Summary Judgment, for which counsel billed a total of 6.5 hours.

The Court concludes that the number of hours associated with the Motion should be reduced. For the Motion, Plaintiff estimated 10.3 hours for the Motion, including

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 18-2112-MWF (FFMx)          **Date:** March 5, 2020
**Title:**     Nehemiah Kong v. Margaret M. Harris Corporation, et al.

three hours for the hearing. (Billing Summary at 7). Because the Court vacated the hearing, Plaintiff is not entitled to the 3 additional hours he estimated to spend for attending the hearing. It also appears that Plaintiff did not use the full 7.3 hours to draft and review the briefs. Because Plaintiff has confirmed that it has spent 5.6 hours total for reviewing and drafting this Motion, the Court only grants 5.6 hours total for the time spent on the Motion, and deducts 4.7 hours from the amount of hours that Plaintiff claims he has spent on this case.

Moreover, the Court will apply a 10 percent haircut to account for the inefficiencies caused by Plaintiff's decision to employ ten attorneys in this case. This action is a relatively simple and small matter, involving straightforward facts and legal authority. The Court determines that this haircut is necessary to capture the inefficiencies that undoubtedly arise from employing 10 attorneys on such a simple matter.

Therefore, the Court will award a total of 34.3 hours.

***Third***, the parties dispute whether the hourly rate of $450 to $595 for Plaintiff's counsel is reasonable. "In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "Generally, the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). The fee applicant has the burden of producing evidence, other than declarations of interested counsel, that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Blum*, 465 U.S. at 896 n.11. "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Co.*, 896 F.2d 403, 407 (9th Cir. 1990).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 18-2112-MWF (FFMx) **Date:** March 5, 2020
**Title:** Nehemiah Kong v. Margaret M. Harris Corporation, et al.

Here, Plaintiff's counsel request the following hourly rates: Russell Handy ($595/hour), Phyl Grace ($550/hour), Ray Ballister ($550/hour), Dennis Price ($450/hour), Chris Carson ($450/hour), Amanda Seabock ($450/hour), Isabel Masanque ($450/hour), Chris Seabock ($450/hour), Elliott Montgomery ($450/hour), Jennifer McAllister ($400/hour), and Bradley Smith ($400/hour). (Potter Decl. ¶¶ 9-19; *see* Billing Summary).

In Opposition, Defendants assert that "an hourly rate of $400.00 is more than reasonable for the ten attorneys who purportedly worked on this file, particularly the 8 out of 10 attorneys who have 8 years or less of legal experience." (Opp. at 12). However, Defendants do not provide any support for how they arrived at the $400 hourly rate.

As Plaintiff's counsel acknowledge, courts have noticed that Plaintiff's counsel have significantly increased the amount of requested fees in the past year. (Motion at 5). For example, as late of 2019, Plaintiff's firm has been awarded attorneys' fees based on a $350-$425 hourly rate in other ADA cases in front of this Court and in the Central District. *See, e.g.*, *Love v. Voyles*, No. EDCV 18-97 JGB (KKX), 2019 WL 3241184, at *6 n.4 (C.D. Cal. Mar. 14, 2019) ("The hourly rates of Plaintiff's attorneys are as follows: $425 for Mark Potter and Russell Handy, and Phyl Grace and $350 for Dennis Price and Isabel Masanque."); *Love v. MJV Real Estate, LLC*, No. ED-CV-18975-JGB(SPx), 2019 WL 3243733, at *6 (C.D. Cal. Apr. 10, 2019) ("The hourly rate of Plaintiff's attorneys Mark Potter, Russell Handy, and Phyl Grace is $425."). Here, Plaintiff is requesting a rate of $425 to $595.

Nonetheless, Plaintiff's counsel asserts that courts in this district have approved Plaintiff's firm's request for similar hourly rates recently. (Motion at 7-8; Reply at 4) (citing cases). Plaintiff's counsel also attached a declaration by an expert on assessment of markets, who concurred that the rates sought here are reasonable. (Reply at 4; Ex. 2 (Docket No. 43-2)).

However, Plaintiff notably ignored other cases in this district and in Northern District, where courts have rejected similar arguments made by Plaintiff's counsel. *See e.g., Johnson v. Oakwood Ctr. LLC*, No. 19-CV-01582-VKD, 2019 WL 7209040, at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 18-2112-MWF (FFMx)         **Date:** March 5, 2020
**Title:**    Nehemiah Kong v. Margaret M. Harris Corporation, et al.

*13 (N.D. Cal. Dec. 27, 2019) (collecting cases and concluding that "[i]n view of the range of rates approved for attorneys practicing in this field, and in the absence of declarations from other attorneys of comparable skill, experience and reputation, and further recognizing that decisions pertaining to the same attorneys in question are particularly salient, . . ., this Court will award fees at the following rates: Mr. Potter ($475/hour), Mr. Handy ($475), Mr. Price ($350) and Ms. Seabock ($350)."); *Kong v. Khouraki*, No. SA CV 18-01832-AG (JDEx), 2019 WL 6736898, at *3 (C.D. Cal. Sept. 26, 2019) ("After reviewing awards in similar cases, as well as the attorneys' qualifications as stated in Mr. Potter's Declaration, the Court concludes that Plaintiff's hourly fees are not reasonable."); *Lopez v. Macca Corp.*, No. 18-2589-RSWL-E, 2018 WL 5310770, at *6 (C.D. Cal. Oct. 22, 2018) (reducing the hourly rates of Mr. Potter, Ms. Grace, Ms. Carson, and Mr. Price in an ADA case where attorney fees were awarded).

      In light of the range of rates approved for the same attorneys over the past year and in light of the fact that Plaintiff's counsel is requesting up to 40 percent increase in their rates, the Court will not approve the full rate requested by Plaintiff. Instead, the Court will adjust the weighted average of the hourly rate from $478.96 to $425.

      ***Fourth***, Defendants argue that the Motion should be denied or disregarded based on equitable considerations. (Opp. at 13). This argument is rejected because Defendants merely repeat arguments that the Court has already rejected above, such as Plaintiff's failure to comply with Local Rule 7-3 and Plaintiff's failure to include any declarations of the attorneys who billed in this action. (*See id.*). While Defendants assert that they have remediated all the alleged violations and now provides one ADA-complaint van accessible space, that is not a basis to deny Defendants' Motion.

      In sum, the Court approves a blended hourly rate of $425, which combined with the 34.3 approved hours yields a total amount of $14,577.50.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 18-2112-MWF (FFMx)          **Date:** March 5, 2020
Title:     Nehemiah Kong v. Margaret M. Harris Corporation, et al.

## IV. CONCLUSION

Accordingly, the Motion is **GRANTED**. Plaintiff's counsel shall recover fees in the amount of **$14,577.50** and costs in the amount of **$630.00**.

IT IS SO ORDERED.